UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSITA M. MENOR,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA, et al.,<br><br>Defendants. | No.  2:13-cv-2232-GEB-KJN PS<br><br><br><br>ORDER |

Plaintiff Rosita Menor, proceeding without counsel, filed this wrongful foreclosure action on October 25, 2013, and paid the filing fee.  (ECF No. 1.)[1]  Subsequently, defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loan Servicing LP ("Bank of America"); Bank of New York Mellon ("Bank of New York"); and Recontrust Company, N.A. ("Recontrust") filed a motion to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), which was set for hearing before the court on December 19, 2013.  (ECF No. 9.)  On November 20, 2013, plaintiff filed a "motion to deny defendants' motion to dismiss," which the court liberally construes as an opposition to the moving defendants' present motion.  (ECF No. 11.)

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  That same day, plaintiff also filed a motion to dismiss without prejudice her claims against
2  defendant Recontrust. (ECF No. 12.) Thereafter, on November 22, 2013, the moving defendants
3  filed a reply brief. (ECF No. 13.)

4  Additionally, on November 22, 2013, the remaining defendant, Universal American
5  Mortgage Company of California ("Universal American") filed a motion to dismiss pursuant to
6  Federal Rule of Civil Procedure 12(b)(6), which is presently set for hearing on January 9, 2014.
7  (ECF Nos. 15, 16.)

8  Finally, on December 11, 2013, plaintiff filed a "second amended complaint." (ECF No.
9  22.)[2]

10  At the December 19, 2013 hearing, plaintiff appeared representing herself; David Pinch
11  appeared telephonically on behalf of defendants Bank of America, Bank of New York, and
12  Recontrust; and David Winnett appeared telephonically on behalf of defendant Universal
13  American. (ECF No. 24.) After considering the parties' briefing and related filings, the parties'
14  oral argument, and the applicable law, the court issues the following order.

15  DISCUSSION

16  Plaintiff's "Second Amended Complaint"

17  Before turning to the pending motion to dismiss by defendants Bank of America, Bank of
18  New York, and Recontrust, which challenges plaintiff's original complaint, the court briefly
19  addresses the import of plaintiff's recently-filed "second amended complaint."

20  Plaintiff's "second amended complaint" is untimely and unauthorized pursuant to Federal
21  Rule of Civil Procedure 15, and must be stricken on that basis. Rule 15(a) states, in relevant part,
22  that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after
23  serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after
24  service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
25  whichever is earlier." Fed. R. Civ. P. 15(a)(1). If these requirements are not satisfied, "a party

---

[2] It is unclear why plaintiff styled this pleading as a "second amended complaint," given that the pending motions to dismiss address the original complaint and no first amended complaint was previously filed.

2

may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In this case, plaintiff filed her original complaint on October 25, 2013, and defendants' motion to dismiss was filed and served on November 4, 2013. (ECF Nos. 1, 9.) Therefore, plaintiff's December 11, 2013 filing of the "second amended complaint" was untimely for purposes of an amendment as a matter of course, and plaintiff failed to obtain the written consent of defendants or leave of court prior to otherwise amending her pleading. Accordingly, the "second amended complaint" is stricken.[3]

The court now proceeds to consider defendants' motion to dismiss plaintiff's original complaint for lack of subject matter jurisdiction.

Defendants' Motion to Dismiss

Because the present motion does not involve the merits of plaintiff's claims, but instead challenges the court's subject matter jurisdiction over the action, it is unnecessary to set forth the factual allegations in support of plaintiff's claims in any detail. In essence, plaintiff contends that defendants wrongfully and improperly foreclosed on her property located at 126 Mill Valley Circle South in Sacramento, California, based in substantial part on theories of improper securitization, separation of the note and deed of trust, and that none of the defendants consequently have ownership of the note or standing to foreclose. Plaintiff's original complaint asserts three state law causes of action for (1) wrongful foreclosure and/or setting aside the foreclosure trustee's sale; (2) quiet title; and (3) declaratory relief. (See ECF No. 1.) Defendants Bank of America, Bank of New York, and Recontrust move to dismiss the action pursuant to

---

[3] In any event, apart from a few scattered, conclusory, and boilerplate references to miscellaneous federal laws, plaintiff's "second amended complaint" only asserts 11 non-federal claims, and thus presents the same jurisdictional defects as the original complaint, discussed below. Specifically, the second amended complaint asserts claims for: (1) wrongful foreclosure (2) quiet title; (3) declaratory relief; (4) fraud; (5) breach of fiduciary duty; (6) breach of the covenant of good faith and fair dealing; (7) injunctive relief – note/deed of trust; (8) injunctive relief; (9) separation of note and deed of trust; (10) no holder in due course (premised on Uniform Commercial Code section 3-106); and (11) rescission of an irrevocable trust pursuant to Uniform Commercial Code section 3-306, against defendants Universal American, Bank of America, and Bank of New York. (ECF No. 22.)

1  Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

2  As the United States Supreme Court has observed, "[f]ederal courts are courts of limited jurisdiction," it is "to be presumed that a cause lies outside this limited jurisdiction," and the burden of establishing federal subject matter jurisdiction "rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Indeed, a federal court also has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, it is essentially undisputed that this court does not have federal question jurisdiction over the action, because no federal claims are asserted. Furthermore, defendants contend that plaintiff and at least two defendants are citizens of California, thereby also precluding the court from exercising diversity jurisdiction over the action.

Title 28 U.S.C. § 1332 requires complete diversity of citizenship, which means that each plaintiff must be a citizen of a different state than each of the defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008). Title 28 U.S.C. § 1332(c)(1) provides, in relevant part, that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."

In this case, plaintiff is a citizen of California. Defendants argue that complete diversity is destroyed by naming Recontrust and Universal American as defendants. Defendants note that Recontrust is headquartered in Simi Valley, California, and cite numerous cases that found Recontrust to be a citizen of California. (ECF No. 9 at 4.) Indeed, plaintiff has decided not to dispute Recontrust's California citizenship, and has filed a motion to dismiss her claims against

4

Recontrust without prejudice in order to cure any jurisdictional defects. (ECF No. 12.) Plaintiff's now-stricken second amended complaint also did not name Recontrust as a defendant. (ECF No. 22.)

Nevertheless, defendants correctly contend that dismissal of Recontrust would not cure all jurisdictional defects, because Universal American is also a citizen of California. Plaintiff's complaint expressly names Universal American as "Universal American Mortgage Company of California." (ECF No. 1.) Additionally, the Adjustable Rate Note for the loan concerning the property at issue, which is attached to plaintiff's complaint, identifies the lender as "Universal American Mortgage Company of California, A California Corporation." (Id. at 55, Ex. B.) Plaintiff indicates that the California Secretary of State's website lists a Miami, Florida address for Universal American's headquarters, and suggests that Universal American had merely registered itself as conducting business in California. (ECF No. 11 at 3.) However, plaintiff's argument ignores the other potential basis for corporate citizenship in California – the state of incorporation. Although Universal American may well have its principal place of business in Florida, a question the court need not decide here, the California Secretary of State's website further indicates that Universal American was incorporated in California. See http://kepler.sos.ca.gov/.[4] As such, Universal American is a citizen of California, and its status as a defendant destroys complete diversity.

After further discussion with plaintiff at the motion hearing as to whether she wishes to pursue all her claims together in state court or instead desires to proceed against the diverse defendants in this court, plaintiff agreed on the record to voluntarily dismiss both Recontrust and Universal American from the action without prejudice, thereby allowing the court to exercise

---

[4] More specifically, the California Secretary of State's website lists Universal American's "jurisdiction" as California. The term "jurisdiction" is defined by the California Secretary of State as the "state or country under which laws a business entity was organized," i.e., the state of incorporation. See http://www.sos.ca.gov/business/be/cbs-field-status-definitions.htm. The court may take judicial notice of facts concerning business entities on the California Secretary of State's website, because this information is contained in public records of a government agency that are not subject to reasonable dispute and thus "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

diversity jurisdiction over the remaining claims against the diverse defendants. Federal Rule of Civil Procedure 21 states, in part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989).

In light of the above, the court grants plaintiff leave to file a third amended complaint asserting claims against defendants Bank of America and Bank of New York only within 30 days of this order. Plaintiff is informed that the court cannot refer to a prior complaint, brief, or other filing to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Thus, once the third amended complaint is filed, it supersedes any other prior complaints, which no longer serve any function in the case.

Defendants shall then file a response to the third amended complaint within 30 days of its filing.

Importantly, nothing in this order requires plaintiff to file a third amended complaint. If plaintiff subsequently determines that she would prefer to litigate her claims against all the previously-named defendants together in state court, plaintiff may instead file a notice of voluntary dismissal of the entire action without prejudice within 30 days of this order.

Finally, if plaintiff decides to proceed in federal court, she is hereby cautioned to carefully review and comply with the Federal Rules of Civil Procedure and the court's Local Rules (including but not limited to, Local Rule 230, which sets the procedures and deadlines for noticing, filing, and responding to motions generally).[5] Although the court liberally construes a pro se litigant's pleadings and filings, failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and/or court orders may result in the imposition of any appropriate sanctions, including monetary sanctions or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

---

[5] A copy of the court's Local Rules may be obtained from the Clerk of Court or on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 22) is STRICKEN.

2. Defendants Bank of America, Bank of New York, and Recontrust's motion to dismiss for lack of subject matter jurisdiction (ECF No. 9) is GRANTED, but with leave to amend.

3. Plaintiff's motion to dismiss defendant Recontrust without prejudice (ECF No. 12) is GRANTED.

4. Based on plaintiff's motion (ECF No. 12) and plaintiff's request on the record at the December 19, 2013 hearing, the court confirms that defendants Recontrust and Universal American are voluntarily dismissed from the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

5. Plaintiff may file a third amended complaint in accordance with this order within 30 days. The third amended complaint shall be clearly captioned "Third Amended Complaint" and shall only name Bank of America and Bank of New York as defendants. Alternatively, plaintiff may file a request for voluntary dismissal of the action without prejudice within 30 days of this order.

6. Failure to file either a third amended complaint or a request for voluntary dismissal of the action by the required deadline will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

7. Defendants shall file a response to any third amended complaint within 30 days of its filing.

8. In light of the above, defendant Universal American's motion to dismiss (ECF No. 15) is DENIED AS MOOT and the January 9, 2014 hearing on that motion is VACATED.

////
////
////
////

9. This order disposes of docket numbers 9, 12, and 15.

IT IS SO ORDERED.

Dated: December 20, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE