UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSITA M. MENOR, | No. 2:13-cv-2232-GEB-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA, et al., | |
| Defendants. | |

On December 23, 2013, the court granted a motion to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loan Servicing LP ("Bank of America"); Bank of New York Mellon ("Bank of New York"); and Recontrust Company, N.A. ("Recontrust"). (ECF No. 25.) The court also confirmed, based on plaintiff's motion (ECF No. 12) and plaintiff's request on the record at the December 19, 2013 motion hearing, that defendant Recontrust and non-moving defendant Universal American Mortgage Company of California ("Universal American") were voluntarily dismissed from the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Id.) Additionally, the court granted plaintiff leave to file, within 30 days, either (a) a third amended complaint asserting claims against defendants Bank of America and Bank of New York only or (b) a request for voluntary dismissal of the action without

prejudice.  (Id.)

Subsequently, on January 13, 2014, plaintiff filed a motion to dismiss her claims against Bank of America and Bank of New York without prejudice.  (ECF No. 26.)  Plaintiff requests dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), which concerns lack of personal jurisdiction and does not appear to be applicable in this case.  Nevertheless, in light of plaintiff's *pro se* status and her stated desire to dismiss her claims against the only remaining defendants, the court instead liberally construes plaintiff's motion as a notice of voluntary dismissal of the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Federal Rule of Civil Procedure 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing . . . (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  "Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.  Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1).  The dismissal is effective on filing and no court order is required...Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants."  Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995); see also United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir. 2008) (noting that dismissal under Rule 41(a)(1)(A)(i) requires no action on the part of the court and divests the court of jurisdiction once the notice of voluntary dismissal is filed).

Here, because remaining defendants Bank of America and Bank of New York have not yet served an answer or a motion for summary judgment in this case, plaintiff's request for dismissal is effective without a court order.

Nevertheless, for purposes of clarity, IT IS HEREBY ORDERED that:

1. The action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

////

2

2. The Clerk of Court is directed to close this case and vacate all dates.

IT IS SO ORDERED.

Dated:  January 15, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE